## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM FRANCINI,<br>　　　　Plaintiff, | No. 3:16-cv-1568 (SRU) |
| 　　　　v. | |
| TOWN OF EAST HADDAM, EAST<br>HADDAM PLANNING & ZONING<br>COMMISSION, EMMETT J. LYMAN,<br>and JAMES F. VENTRES,<br>　　　　Defendants. | |

### Ruling on Motion to Dismiss

On August 17, 2016, William Francini filed this action in state court against the Town of

East Haddam (the "Town"), East Haddam Planning & Zoning Commission, Emmett J. Lyman,

and James F. Ventres. On September 15, 2016, the action was removed to federal court. On

December 15, 2016, the defendants filed a motion to dismiss for lack of subject matter

jurisdiction. For the following reasons, the unopposed motion to dismiss is granted.

## I.      Background

The complaint states that, on April 4, 1994, Francini made an application to the Town for

a building permit for a residence at 1 Connecticut River Road. Francini alleges that Ventres told

him that he could only apply for a "seasonal dwelling." Compl. at ¶ 12. Relying on Ventres'

statement, Francini applied for a seasonal dwelling permit, which was subsequently approved.

Francini then built the house and made sure that it was built in compliance with year-round

building regulations. Because Francini only had a seasonal dwelling permit, however, he is

unable to use the house from November 1 to April 14, every year. *Id.* at ¶ 15.

Because the house is otherwise "suitable for year-round living," Francini spoke with Ventres about applying for a year-round use permit. Ventres told Francini that, because the lot was less than one-half acre in size, the property did not qualify for a conversion from seasonal use to year-round use. *Id.* at ¶ 16.

Francini also alleges that he previously owned another property in that area, 3 Connecticut River Road, which was similarly denied year-round status by the Town. *Id.* at ¶ 17. As a result of the fact that the home on that property was classified as a seasonal use dwelling, Francini was unable to sell the property at the price he believes it was worth. *Id.* at ¶ 22.

Francini filed the instant action on account of what he believes to be an unfair application of the zoning regulations. Count One seeks declaratory relief, alleging that the failure to permit him to use his property year-round violates state and federal law. Count Two claims a violation of 42 U.S.C. § 1983, alleging that the regulations prohibiting him from using his property are applied in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Count Three claims a stand-alone violation of the Fifth and Fourteenth Amendments, alleging that the regulations constitute an unconstitutional taking without just compensation.

## II.     Standard of Review

 "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A party that moves to dismiss for lack of subject matter jurisdiction "may refer to evidence outside the pleadings." *Id.* (quoting *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)). To survive a motion brought under Rule 12(b)(1), a plaintiff "has the burden of proving by a preponderance of the evidence

that [subject matter jurisdiction] exists." *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)).

## III.    Discussion

### A. Federal Claims

Francini argues that the regulations preventing him from using his properties year-round constitute an unconstitutional taking, in violation of the Fifth Amendment, and an unequal application of the law, in violation of the Fourteenth Amendment's Equal Protection clause. Francini seeks declaratory, injunctive, and monetary relief.  The defendants argue that Francini's federal claims fail because they are not ripe for adjudication.

Ripeness is a "constitutional prerequisite to exercise of jurisdiction by federal courts." *Federal Election Commission v. Central Long Island Tax Reform Immediately Committee*, 616 F.2d 45, 51 (2d Cir. 1980).  The ripeness doctrine requires a claim to "grow out of a real, substantial controversy between parties involving a dispute definite and concrete." *Marchi v. Bd. of Coop. Educ. Servs. of Albany*, 173 F.3d 469, 478 (2d Cir. 1999) (internal quotation marks omitted).  "A claim is not ripe if it depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (internal quotation marks omitted).  The requirement of a real controversy "is intended to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Id.* (internal quotation marks omitted).

In *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, the Supreme Court identified a two-part test to determine whether a so-called "takings" claim is ripe for adjudication.  473 U.S. 172, 186, 194 (1985).  First, "a claim that the application of government regulations effects a taking of a property interest is not ripe until the government

entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." *Williamson*, 473 U.S. at 186. Second, a claim will not be ripe unless the plaintiff sought "compensation through the procedures the State has provided for doing so." *Id.* at 194. "The ripeness requirement of *Williamson*, although announced in a takings context, has been extended to equal protection and due process claims asserted in the context of land use challenges." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).

In the instant case, the defendants argue that Francini's federal claims are not ripe because the Town never reached a final decision with respect to Francini's two properties. In the land use context, a plaintiff cannot assert that the governmental entity's decision is final if the plaintiff has not yet sought an available variance to the applicable regulation. *See Williamson*, 473 U.S. at 191. Francini has not alleged that he sought variances from the regulations governing either property. Rather, he alleges that his other property at 3 Connecticut River Road was improperly classified as a seasonal use dwelling, *id.* at ¶ 17, and that he was told his property at 1 Connecticut River Road did not qualify for year-round use, Compl. at ¶ 16. Neither allegation indicates that the Town has reached a final decision with respect to whether Francini would be (or would have been) eligible for variances for either property. Because the ripeness requirement has been extended to apply equal protection and due process claims arising out of land use challenges, all of Francini's federal claims must be dismissed for lack of subject matter jurisdiction. The fact that Francini seeks declaratory and injunctive relief does not absolve him from the requirement to seek a final decision from the governmental entity charged with an unconstitutional taking of Francini's property. *See Severance v. Patterson*, 566 F.3d 490, 497 (5th Cir. 2009).

B.  <u>State Claim</u>

The defendants argue that Francini's state law claim for declaratory relief must also be dismissed for lack of subject matter jurisdiction because Francini has failed to exhaust his administrative remedies.  "Under [Connecticut's] exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum . . . ."  *Levine v. Town of Sterling*, 300 Conn. 521, 528 (2011). If a plaintiff has not exhausted his administrative remedies, the court must dismiss the action for lack of subject matter jurisdiction.  *Id.*

Francini's state law claim fails for the same reasons the federal claims fail.  Francini has not alleged that he was exhausted his administrative remedies and has not alleged any facts indicating that it would have been futile to do so.  Accordingly, that claim is dismissed for lack of subject matter jurisdiction.

## IV.  Conclusion

For the foregoing reasons, the motion to dismiss (doc. # 18) is granted without prejudice and the complaint is dismissed for lack of subject matter jurisdiction.  The Clerk shall close the case.

So ordered.

Dated at Bridgeport, Connecticut, this 26th day of May 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
